Debra A. Dandeneau
David Zaslowsky
Kirsten Dooley
Baker & McKenzie LLP
452 Fifth Avenue
New York, NY 10018
Telephone: 212-626-4100
Facsimile: 212-310-1600
Email: debra.dandeneau@bakermckenzie.com
        david.zaslowsky@bakermckenzie.com
        kirsten.dooley@bakermckenzie.com

*Counsel for Christopher Spadafora*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |
| MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS, | Adv. Proc. No. 24-03981 (MG) |
| Plaintiff, | |
| v. | |
| CHRISTOPHER SPADAFORA CLOUDFLARE, INC., | |
| Defendants. | |

**DECLARATION OF CHRISTOPHER SPADAFORA**

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

**IN SUPPORT OF MOTION TO DISMISS**

I, Christopher Spadafora, hereby declare under penalty of perjury:

1.    I submit this Declaration in support of my *Motion to Dismiss* (the "**Motion**") filed concurrently herewith.[2]

2.    I am over the age of eighteen years and, except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge. I have reviewed the Complaint filed by the Plaintiff in the above-captioned action. If called upon to testify, I could and would testify competently to the facts set forth herein.

**My Domicile Is in Canada**

3.    I am informed that, for purposes of the Motion, the domicile of an individual is defined as the place where a person has been physically present and regards as home. I am domiciled in Canada.

4.    I was born in Toronto, Canada and am a Canadian citizen. That is the only citizenship I have ever held.

5.    I currently live in Toronto with my wife and three children. Indeed, with the exception of living in New York, from February, 2014 to February, 2016, while working for a Canadian company, I have lived in Toronto my entire life and have no plans to move away from Canada. My and my wife's families also live in Toronto.

6.    I was educated in Toronto and hold a Bachelor of Commerce degree in Business Entrepreneurship with a minor in Finance from Toronto Metropolitan University (then known as Ryerson University). Throughout my studies at Toronto Metropolitan University, I worked at the university's incubator for entrepreneurs.

---

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Dismiss and the Memorandum of Law filed concurrently herewith.

2

7.      Shortly after graduation, I started working as a sales representative at a Canadian company, Softchoice, selling IT solutions.

8.      I have owned an Ontario-registered and based company since 2018. I have different brands under this company. One is Fitness Décor, an e-commerce site selling motivational art for gyms; the other is North Block, where I provide crypto-related consulting services.

## No Relevant Contacts With the United States

9.      I do not have any ties to the United States.

10.     I do not have any businesses registered in the United States.

11.     I do not own any property in the United States.

12.     I do not have a bank account in the United States.

## About BadgerDAO and My Role in It

13.     In 2020, I started BadgerDAO from Toronto, Canada, along with several others, including Thomas Spofford, Ameer Rosic, Albert Castellana, and Alberto Cevallos.

14.     On December 3, 2020, BadgerDAO launched the Badger Application and $BADGER tokens. $BADGER tokens are governance tokens for BadgerDAO. One $BADGER token equals one vote. $BADGER tokens were provided to all stakeholders proportionate to their investment in BadgerDAO. Celsius was one of the largest token holders at the time of the December 2021 hack that is the subject of this lawsuit. BadgerDAO's mission was to build the infrastructure and products necessary to accelerate Bitcoin as collateral across other blockchains.

15.     A DAO is a decentralized autonomous organization. In general terms, it is an organization governed by smart contracts on a blockchain, allowing decentralized decision-making and management. BadgerDAO is a community-led organization that has no centralized leadership

team. Because BadgerDAO is community-led, any BadgerDAO community member could (and can) propose new ideas to the DAO. All decisions were made through the voting process.

16.     Members can be as involved or uninvolved as they choose. Numerous members volunteered their time, skills, and efforts to accomplish the goal of making BadgerDAO the best it could be at building infrastructure and products to support Bitcoin. These volunteers were referred to as "contributors." For the performance of certain tasks, the community voted to compensate contributors. This was the process that was followed for security as well. Although I was one of the founders of BadgerDAO, I operated in the same way as other "contributors" and "members." I dedicated my time to building community relationships and promoting BadgerDAO.

## Security at BadgerDAO

17.     The Complaint tries to paint a picture of me having responsibility for security at BadgerDAO. That is simply untrue. I am not a developer, and I do not know how to code. Therefore, I do not handle the technical elements of BagerDAO's software and applications, including as it relates to security. I do not have the technical skills to make or implement decisions about security.

18.     As I just explained, members of the BadgerDAO community with skills and interest in security were the ones responsible for security. I was not one of those people. I also should note that BadgerDAO's security strategy and audit reports were available publicly, including to Celsius. I was not involved with developing or implementing this strategy.

19.     I did not oversee or manage BadgerDAO's security efforts. I also did not control or give direction to any other individual or entity in connection with any security issues raised in the Complaint.  I was not responsible for security measures for BadgerDAO and I took no actions in the United States relating to BadgerDAO security.

4

20.      I was not involved in the decision to choose Cloudflare. I did not work with Cloudflare, and, prior to the December 2021 hack, I had never spoken to anyone at Cloudflare.

### The BadgerDAO and Celsius Business Transaction

21.      In January 2021, I was put in touch with Celsius's Chief Executive Officer Alexander Mashinsky through a mutual friend. We had two or three calls or virtual meetings, and I was present in Canada for all of them.

22.      Over the course of several months in 2021, I had a number of other virtual meetings and electronic communications with Celsius employees. I was present in Canada for all of them. I did not ask, or generally know, where the Celsius employees lived or were located during my communications with them. I never met any Celsius employee in person.

23.      I had no in-person meetings (whether with Mr. Mashinsky or anyone else) in the United States as it pertains to this case. I was outside the United States at all times relevant to the specific allegations in the Complaint concerning me.

24.      Celsius employees had created Telegram and Slack channels, and through these channels, they communicated with BadgerDAO members, including me. These are the "Telegram" and "Slack" applications that Celsius refers to in its Complaint. Neither BadgerDAO nor I created these channels.

25.      Most of my communications with Celsius employees were when they reached out to me (while I was in Canada) with questions, though I occasionally also reached out to them to share publicly available information that I was sharing generally with BadgerDAO members.

26.      The Complaint alleges that I participated in conversations with Celsius about security, such as stating that BadgerDAO's security was "robust" (Comp. ¶ 50). I am not certain if those conversations with Celsius were before or after it made its purchases of $BADGER tokens

5

(which the Complaint says was in February 2021). The Complaint also alleges that I emailed Celsius on May 14, 2021 and said that BadgerDAO takes security "VERY VERY seriously" (Comp. ¶ 51). That date was after Celsius purchased $BADGER tokens.

27.    In any event, I was in Canada during each communication I had with Celsius, and my emails to Celsius were sent from Canada. In addition, these generalized statements that I made to Celsius about security were  merely reiterating information publicly available on BadgerDAO's website. For example, BadgerDAO's security strategy included "regular[] audit[s] by top security firms," "a team of expert white hat security researchers," "a bug bounty program . . . that pay[s] up to $750,000 for the discovery of critical vulnerabilities," and an "insurance protocol that allows users to purchase contracts that pay out if funds are lost due to certain" vulnerabilities.[3] I did not participate in drafting these statements that were on the website.

*[Remainder of Page Intentionally Left Blank]*

---

[3] BadgerDAO, Security & Audits, available at https://docs.badger.com/badger/security-and-audits (last accessed September 9, 2024).

6

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Executed on  October 15, 2024.

/s/ Christopher Spadafora

Christopher Spadafora