**WHITE & CASE LLP**
Joshua D. Weedman
Samuel P. Hershey
Renza Demoulin
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Facsimile: (212) 354-8113
Email: jweedman@whitecase.com

*Counsel to the Plaintiff*

**MAYER BROWN LLP**
Matthew D. Ingber
Niketa K. Patel
Joaquin C De Baca
David E. Yolkut
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone: (212) 506-2500
mingber@mayerbrown.com
npatel@mayerbrown.com
jcdebaca@mayerbrown.com
dyolkut@mayerbrown.com

*Counsel to Defendant Cloudflare, Inc.*

**BAKER MCKENZIE LLP**
David Zaslowsky
Debra Dandeneau
Kristen Dooley
452 Fifth Avenue
New York, NY 10018
Telephone: (212) 626-4100
david.zaslowsky@backermckenzie.com
debra@dandeneau@bakermckenzie.com
kirsten.dooley@bakermckenzie.com

*Counsel to Defendant Christopher
Spadafora*

**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re* | Chapter 11 |
| CELSIUS NETWORK LLC, *et al.*,[1] | Case No. 22-10964 (MG) |
| Debtors. | Jointly Administered |

---

[1] The Debtors in these chapter 11 cases (the "**Chapter 11 Cases**"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 1209 Orange Street, Wilmington, Delaware 19801.

MOHSIN Y. MEGHJI, LITIGATION ADMINISTRATOR, AS REPRESENTATIVE FOR THE POST-EFFECTIVE DATE DEBTORS,

Plaintiff,

v.

CHRISTOPHER SPADAFORA and CLOUDFLARE, INC.,

Defendants.

Adv. Proc. No. 24-03981 (MG)

## JOINT RULE 26(f) REPORT

Plaintiff Mohsin Meghji ("**Plaintiff**" or the "**Litigation Administrator**"), in his capacity as Litigation Administrator of the estates of the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**," and together with their non-Debtor affiliates "**Celsius**" or the "**Company**"), and defendants Christopher Spadafora ("**Mr. Spadafora**") and Cloudflare, Inc ("**Cloudflare**") (together, "**Defendants**", and together with Plaintiff, the "**Parties**"), having conferred through counsel on June 24, 2025, respectfully submit this Joint Statement in accordance with Federal Rule of Civil Procedure 26(f).[2]

## I.   DISCOVERY PLAN REQUIRED BY RULE 26(F)(3)

### A.   Rule 26(a)(1) Initial Disclosures

The Parties have agreed to exchange initial disclosures on July 21, 2025.

### B.   Subjects On Which Discovery May Be Needed And Timing/Phasing Of Discovery

In accordance with Rule 26(f)(3)(B), the Parties conferred regarding the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be

---

[2] The parties reserve all rights to confer and file an amended Rule 26(f) report following the submission of Defendants' responsive pleadings and any third-party claims.

conducted in phases or be limited to particular issues. The Parties' proposals on these issues are set forth below.

1.    Subjects On Which Discovery May Be Needed

Plaintiff proposes initial discovery on the following topics:

a.    Cloudflare's relationship with, and obligations to, BadgerDAO and Celsius;

b.    Mr. Spadafora's relationship with, and obligations to, BadgerDAO and Celsius;

c.    The organization and functioning of BadgerDAO and all related entities, as well as the members of BadgerDAO and any security measures implemented by such members to prevent the theft of assets invested on the BadgerDAO platform;

d.    Security measures applying to Cloudflare's cloud-based solutions as part of a Cloudflare free subscription or that require a free Cloudflare account (the "Services"), and business rationale for offering such Services;

e.    The phishing incident that occurred on December 2, 2021 on the BadgerDAO platform resulting in the theft of over $100 million in BadgerDAO user funds (the "Hack"), including: (i) any related actions the hacker(s) may have taken ahead of the Hack to prepare and allow for the Hack, including but not limited to any unauthorized creation of usernames or accounts designed to access, create, or view BadgerDAO API keys, the unauthorized access to BadgerDAO's API, the unauthorized insertion of malicious code into or through the BadgerDAO API, and the fraudulently obtained withdrawal of user funds; (ii) any technical, human or other error, malfunction, vulnerability, design flaw, or bug that may have allowed for the Hack to proceed; (iii) any prophylactic measures that could have prevented the Hack; (iv) any policies, procedures, designs, or systems put in place or modified, either before or after the Hack, to prevent or avoid security issues like the Hack; (v) any remediation efforts, fixes, remedies, or solutions considered or implemented after the Hack to mitigate the effects of the Hack or compensate victims of the Hack;

f.    Insurance policies that may be used to satisfy a judgment in the above-captioned action;

3

g.      The Parties document retention policies, practices or procedures; and

h.      Documents, communications, opinions, testimony, or other things that any of the Parties intend to rely on or introduce in the above-captioned action.

Plaintiff otherwise reserves all rights.

Defendant Chris Spadafora does not agree with Plaintiff's above phrasing of certain of the topics, and reserves its right to object to specific discovery requests, but otherwise acknowledges that the above list identifies topics on which Mr. Spadafora may also seek discovery.  In addition, Mr. Spadafora proposes initial discovery on the following topics:

a.      Whether the Court has personal jurisdiction over Mr. Spadafora;
b.      Celsius's waiver of its right to seek damages; and,
c.      Whether Mr. Spadafora owed any fiduciary obligations to Celsius;

Defendant Cloudflare reserves all rights, including to object to specific discovery requests, and does not agree that any of the above topics are ultimately relevant and/or proportional to the needs of the case. Cloudflare further proposes initial discovery on the following topics:

a.      The bases for Celsius's claims;

b.      Celsius's relationship with BadgerDAO, and Celsius's role as a purported governing member of BadgerDAO;

c.      Spadafora's relationship with Celsius and BadgerDAO, and his ownership of Badger tokens or other BadgerDAO-related assets;

d.      BadgerDAO's governance structure and leadership;

e.      BadgerDAO's security practices and protocols, and management of assets, including but not limited to knowledge of security vulnerabilities, decision-making regarding security measures, and security incidents prior to the Incident (as defined below), and

f.      Celsius's knowledge of same;

g.      Celsius's security practices and protocols, and management of assets;

4

h.     The attack on BadgerDAO's system in December 2021 (the "Incident"), including, but not limited to: security measures available to and/or employed by BadgerDAO and Celsius; vulnerabilities contributing to the Incident; investigations conducted by the Parties and relevant third parties; records relating to the incident; actions taken by the attackers, BadgerDAO, the Parties, or other relevant third parties; remedial measures taken after the Incident, including but not limited to efforts to halt the transfer of funds by, or to, the attackers; Celsius's approval of fraudulent transactions; and any alleged harm.

i.      Celsius's claimed damages, and any mitigation efforts, including but not limited to Celsius' acquisition and subsequent loss of remedial tokens issued by BadgerDAO, as well as any and all efforts to limit the impact of the Incident and halt the transfer of funds by the attackers;

i.      Documents, information, testimony, or other materials that any of the Parties intend to rely upon or produce.

Plaintiff does not agree with the phrasing, relevance, or proportionality to the needs of the case of certain topics listed by the Defendants.

## C.     When Discovery Is To Be Completed And Whether Discovery Should Be Conducted In Phases

The Parties agreed on the duration of discovery in this case. The Parties propose that nine (9) months be devoted to fact discovery, followed by four and a half (4.5) months of expert discovery given the technical nature of the issues alleged in the Complaint. The Parties propose that all discovery be completed in just under fourteen (14) months.

## D.     Protective Order and Electronically Stored Information ("ESI")

The Parties discussed ESI preservation and accessibility. None of the Parties have identified any relevant preservation issues or gaps. The Parties discussed stipulating to a protective order and ESI protocol. Plaintiff shared with Defendants the Protective Order governing the Chapter 11 case (Case No. 22-10964 (MG), the "**Chapter 11 Case**"), [ECF 790], which most adversary proceedings arising from the Chapter 11 Case have adopted, and the Parties are

continuing to confer over the protective order to be used in this case. Additionally, Plaintiff shared with Defendants a draft ESI Protocol, which Defendants have commented upon. The Parties are continuing to confer regarding the ESI Protocol.

### E. Parties' Proposed Case Schedule

The Parties jointly propose the case schedule below.

| Event | Proposed Date |
|---|---|
| Rule 26(f) Conference | June 24, 2025 |
| Deadline for Joint Rule 26(f) Report | July 11, 2025 |
| Deadline for Parties to exchange Rule 26(a) disclosures | July 21, 2025 |
| Deadline for Defendants to File Answer to Complaint | July 21, 2025 |
| Close of fact discovery. All discovery requests must be served to be answerable by this date, except for requests for admission, which may be served up to 45 days before Rule 56 and *Daubert* motions are filed. | April 17, 2026 |
| Deadline for Parties to serve expert reports | May 22, 2026 |
| Deadline for Parties to serve expert rebuttal reports | July 31, 2026 |
| Close of expert discovery | August 31, 2026 |
| Deadline to submit pre-motion conference letters with respect to any dispositive and *Daubert* motion(s) | 30 days from completion of expert discovery |
| Deadline to submit responsive pre-motion conference letters with respect to any dispositive and *Daubert* motion(s) | 14 days after the deadline to submit pre-motion conference letters with respect to any dispositive and *Daubert* motion(s) |
| Pre-motion conference with respect to any dispositive and *Daubert* motion(s) | 7 days after the deadline to submit responsive pre-motion conference letters with respect to any dispositive and *Daubert* motion(s), subject to the Court's availability |

6

| Event | Proposed Date |
|---|---|
| Joint final pretrial conference statement and proposed order to be filed | 30 days prior to final pretrial conference |
| Final pretrial conference | TBD, subject to the Court's availability |
| Deadline to make pre-trial filings in accordance with this Court's Individual Rules | 7 days after final pretrial conference |
| Trial | TBD |

DATED: July 11, 2025

Respectfully submitted,

/s David Zaslowsky
**BAKER MCKENZIE LLP**
David Zaslowsky
Debra Dandeneau
Kristen Dooley
452 Fifth Avenue
New York, NY 10018
Telephone: (212) 626-4100
david.zaslowsky@backermckenzie.com
debra@dandeneau@bakermckenzie.com
kirsten.dooley@bakermckenzie.com

*Counsel to Defendant Christopher Spadafora*

/s Joshua D. Weedman
**WHITE & CASE LLP**
Joshua D. Weedman
Samuel P. Hershey
Renza Demoulin
WHITE & CASE LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 819-8200
jweedman@whitecase.com
sam.hershey@whitecase.com
renza.demoulin@whitecase.com

*Counsel to Plaintiff*

/s Matthew D. Ingber
**MAYER BROWN LLP**
Matthew D. Ingber
Niketa K. Patel
Joaquin C De Baca
David E. Yolkut
1221 Avenue of the Americas
New York, NY 10020-1001
Telephone: (212) 506-2500
mingber@mayerbrown.com
npatel@mayerbrown.com
jcdebaca@mayerbrown.com
dyolkut@mayerbrown.com

*Counsel to Defendant Cloudflare, Inc.*