Peter Scoolidge
Scoolidge Peters Russotti & Fox LLP
2 Park Avenue – 20th Floor
New York, NY 10016
Telephone: (212) 729-7708
Email: peter@sprfllp.com

*Counsel for Third-Party Defendant BadgerDAO*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>        Post-Effective Date Debtors. | Case No. 22-10964 (MG)<br><br>Chapter 11 |
| MOHSIN Y. MEGHJI, as Representative for the Post-Effective Date Debtors,<br><br>        Plaintiff-Counterclaim Defendant,<br><br>        v.<br><br>CHRISTOPHER SPADAFORA<br><br>        Defendant-Crossclaim Defendant<br><br>and CLOUDFLARE, INC.,<br><br>        Defendant-Counterclaim/Crossclaim Plaintiff | Adv. Proceeding No. 24-03981 (MG) |

---

[1] Pursuant to the Complaint and Third-Party Complaint, the Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

2

CLOUDFLARE, INC.,

                 Third-Party Plaintiff,

     v.

BADGERDAO and JOHN DOES 1 through 10,

                 Third-Party Defendants.

**REPLY MEMORANDUM IN SUPPORT OF
THIRD-PARTY DEFENDANT BADGERDAO'S MOTION TO DISMISS**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES.................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ....................................................................................................................3

I.   The Conceivable Effects Test Is Not Met ..............................................................3

   A.   Cloudflare's Claim Against the Litigation Administrator Is Only "Contingent" in the Sense that It Has Not Yet Been Dismissed.................................................................3

   B.   Cloudflare's Contingent Claim Against the Celsius Estate Relies on the Naked Assumption that BadgerDAO Is a General Partnership ............................................4

   C.   Equity Cannot Create Subject Matter Jurisdiction Where There Is None..........................7

II.   The Contribution Claim Does Not Arise from or Relate to *BadgerDAO's* Contacts with the Forum .................................................................................................................9

   A.   BadgerDAO's Alleged Negligence Is Wholly Unrelated to the Subscription Agreement..9

   B.   Cloudflare Relies on the Same Naked Assumption that BadgerDAO Is a General Partnership ....................................................................................................11

CONCLUSION ..............................................................................................................12

i

**TABLE OF AUTHORITIES**

**Cases**

*Bank of Marin v. England*,
  385 U.S. 99 (1966) ....................................................................................................8

*Commodity Futures Trading Commission v. Ooki DAO*,
  2023 WL 5321527 (N.D. Cal. June 8, 2023) ....................................................12

*Hedges v. Dixon Cnty.*,
  150 U.S. 182 (1893) ...............................................................................................7, 8

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ............................................................................................12

*HK Cap. LLC v. Fed. Deposit Ins. Corp.*,
  734 F. Supp. 3d 288 (S.D.N.Y. 2024) ...............................................................4

*In re All Year Holdings, Ltd.*,
  No. 21-12051 (MG), 2024 WL 1460157 (Bankr. S.D.N.Y. Apr. 3, 2024) ............................8, 9

*In re Boston Reg'l Med. Ctr.*,
  410 F.3d 100 (1st Cir. 2005) ...............................................................................9

*In re Bowman*,
  24 F. Supp. 381 (S. D. Cal. 1938) .......................................................................8

*In re Fairfield Sentry Ltd.*,
  627 B.R. 546 (Bankr. S.D.N.Y. 2021) ...............................................................11

*In re Momentum Manufacturing Corp.*, 25 F.3d 1132 (2d Cir. 1994) ...........................................8

*In re Purdue Pharms., L.P.*,
  619 B.R. 38 (S.D.N.Y. 2020) .............................................................................10

*In re Schick*,
  235 B.R. 318 (Bankr. S.D.N.Y. 1999) ...............................................................6

*In re WorldCom, Inc. Sec. Litig.*,
  293 B.R. 308 (S.D.N.Y 2003) ...........................................................................10

*Michigan Corr. Org. v. Michigan Dep't of Corr.*,
  774 F.3d 895 (6th Cir. 2014) .............................................................................7

*N. Am. Knitting Mills, Inc. v. Int'l Women's Apparel, Inc.*,
  No. 99-cv-4643 (LAP), 2000 WL 1290608 (S.D.N.Y. Sept. 12, 2000) ...................................7

*Needel v. Flaum*,
  670 N.Y.S.2d 285 (1998) ...................................................................................6

*Rees v. City of Watertown*,
  86 U.S. (19 Wall.) 107 (1873) ...........................................................................8

*Samuels v. Lido DAO*,
  757 F. Supp. 3d 951 (N.D. Cal. 2024), ..............................................................5

*Sarcuni v. bZx DAO,*
   664 F. Supp. 3d 1100 (S.D. Cal. 2023) ............................................................................5

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC,*
   650 B.R. 5 (Bankr. S.D.N.Y. 2023) ................................................................................11

*Slinin v. Shnaider,*
   No. 15-CV-9674 (RJS), 2019 WL 13214733 (S.D.N.Y. Oct. 1, 2019) .....................7

*SPV Osus Ltd. v. UBS AG,*
   882 F.3d 333 (2d Cir. 2018) .............................................................................................9

**Statutes**

28 U.S.C. § 1334 ...............................................................................................................3, 9, 10

N.Y. P'ship L. § 11(4) ...............................................................................................................6

N.Y. P'ship L. § 62.....................................................................................................................4

N.Y. P'Ship L.§ 20(1) ...............................................................................................................6

BadgerDAO ("**Third-Party Defendant**" or "**BadgerDAO**"), by and through its undersigned counsel, respectfully submits this Reply Memorandum of Law in support of BadgerDAO's Motion to Dismiss Defendant/Third-Party Plaintiff Cloudflare, Inc.'s ("**Third-Party Plaintiff**" or "**Cloudflare**") Third-Party Complaint [ECF No. 47][2] ("Third-Party Compl."), in reply to Cloudflare's Opposition to Third-Party Defendant BadgerDAO's Motion to Dismiss [ECF No. 76] (the "**Opposition**").

## PRELIMINARY STATEMENT

1.      Cloudflare's Opposition to BadgerDAO's Motion to Dismiss rests on two unsupported assumptions. First, Cloudflare assumes—wrongly—that its Counterclaims against the Litigation Administrator will survive dismissal. Second, Cloudflare assumes, without any legal analysis, that BadgerDAO is a general partnership and that Celsius and Mr. Spadafora are or were BadgerDAO's general partners. Neither assumption has any basis in law or fact. Both are fatal. The Third-Party Complaint must be dismissed.

2.      Cloudflare asserts subject matter jurisdiction on the theory that Celsius's supposed status as a BadgerDAO general partner could render the Celsius estate jointly and severally liable for the Cloudflare Claims. Stripped of rhetoric, Cloudflare's position is that Celsius must indemnify its own claims against Cloudflare. As the Litigation Administrator correctly notes, that result would be "circular and absurd" and is unsupported by any authority. Reply in Support of Plaintiff's Motion to Dismiss Defendant Cloudflare, Inc.'s Counterclaims, and for Contempt and Sanctions [ECF No. 78] at 2.

---

[2] Unless otherwise specified, all "ECF" numbers refer to the above-captioned adversary proceeding, No. 24-03981 (MG), and all "Bankr. ECF" numbers refer to the above-captioned Chapter 11 Cases (Case No. 22-10964 (MG)).

1

3.      Cloudflare next contends that for purposes of jurisdiction it is irrelevant whether the alleged impact on the Celsius estate is contingent. However, the impact is only "contingent" to the extent that it has not yet been dismissed by the Court, since Cloudflare's indemnity theory—premised on Celsius's alleged liability for BadgerDAO's obligations—is already sub judice before the Court. Once the Court dismisses Cloudflare's indemnity claim, the law of the case doctrine will extinguish that contingency entirely. And even if the indemnity claim were to survive, it would still depend on Cloudflare's unsupported premise that BadgerDAO is a general partnership. The assertion that a decentralized autonomous organization is a general partnership is a novel legal theory that cannot simply be presumed into existence.

4.      Unable to establish jurisdiction as a matter of law, Cloudflare asks the Court to invoke its equitable powers to "achieve fairness and justice." Opp. at 11–12. In effect, Cloudflare asks the Court to create subject matter jurisdiction by equity. Courts cannot do that, and none of the cases Cloudflare cites suggest otherwise.

5.      Cloudflare's personal jurisdiction argument fares no better. Cloudflare relies on two alleged forum contacts: BadgerDAO's purported entry into the Subscription Agreement and Mr. Spadafora's solicitation of Celsius. Neither supports personal jurisdiction over BadgerDAO for the Contribution Claim. First, the Contribution Claim alleges negligent conduct by BadgerDAO that is wholly independent of Cloudflare's alleged negligence and entirely unrelated to the Subscription Agreement. The claim therefore does not arise from or relate to that alleged forum contact. Second, Cloudflare again falls back on its unsupported general-partnership theory to bootstrap jurisdiction. It seeks to impute Mr. Spadafora's forum contacts—relevant to personal jurisdiction over him individually—to BadgerDAO. Cloudflare invokes the law of the case doctrine but offers no explanation as to how a decentralized autonomous organization should be

2

treated as a general partnership, or how Mr. Spadafora could be considered BadgerDAO's agent for jurisdictional purposes. Labels and assumptions are not a substitute for legal analysis.

6.  In short, Cloudflare's jurisdictional arguments depend entirely on conjecture: that its Counterclaims will survive dismissal and that BadgerDAO is a general partnership. Cloudflare has proven neither. Because Cloudflare has failed to carry its burden on subject matter or personal jurisdiction, the Third-Party Complaint should be dismissed with prejudice.

## ARGUMENT

### I.  The Conceivable Effects Test Is Not Met

#### A.  Cloudflare's Claim Against the Litigation Administrator Is Only "Contingent" in the Sense That It Has Not Yet Been Dismissed

7.  Cloudflare's claim of subject matter jurisdiction rests on the theory that the Cloudflare Claims meet the "any conceivable effect" under 28 U.S.C. § 1334(b), asserting that if BadgerDAO is liable for indemnification or contribution, the Celsius estate could be liable as a general partner of BadgerDAO. Opp. at 8-10. Cloudflare further argues that the contingent nature of the claims does not defeat jurisdiction. Opp. at 10. Setting aside the fact that this theory depends entirely on the unsupported assumption that BadgerDAO is a general partnership, Cloudflare fails to address the imminent prospect that the Court dismisses the Counterclaims against the Litigation Administrator and extinguishes altogether any contingency that these claims have against the Celsius estate.

8.  The Litigation Administrator demonstrates in its Reply in Support of its Motion to Dismiss [ECF No. 78] the myriad reasons why the Cloudflare Claims are "contingent" only because they remain pending. Pre-petition claims not pursued before the Bar Date (March 1, 2024) are extinguished under the Plan, and equitable estoppel cannot excuse Cloudflare's failure to file timely. [ECF No. 78] at 2-9. Even assuming *arguendo* that BadgerDAO were a partnership,

Celsius's participation dissolved upon bankruptcy or was rejected under the Plan, extinguishing any obligations. Mem. of Law in Support of Mohsin Y. Meghji's Motion to Dismiss Defendant Cloudflare, Inc.'s Counterclaims, and for Contempt and Sanctions [ECF No. 61] at 17-18 (citing N.Y. P'ship L. § 62).

9.      Finally, even if the claims survived, they are first-party in nature: the Celsius estate would be required to indemnify Cloudflare against its own claims, which the Subscription Agreement does not authorize. [ECF No. 61] at 22-25; [ECF No. 78] at 14-15.

10.     Under the law of the case doctrine, cited by Cloudflare in its Opposition, prior rulings on legal questions govern subsequent stages. *See* Opp. at 18 (quoting *HK Cap. LLC v. Fed. Deposit Ins. Corp.*, 734 F. Supp. 3d 288, 301 (S.D.N.Y. 2024)). Here, if the Court has already determined the Celsius estate cannot be liable for BadgerDAO's obligations, that conclusion controls.

**B.      Cloudflare's Contingent Claim Against the Celsius Estate Relies on the Naked Assumption that BadgerDAO Is a General Partnership**

11.     Cloudflare argues that "Celsius could be jointly and severally liable for BadgerDAO's obligations as either a present or former general partner of BadgerDAO." Opp. at 11. *See also id.* at 2 ("If Cloudflare prevails on its indemnification or contribution claims, Celsius—as a general partner of BadgerDAO—will be jointly and severally liable for BadgerDAO's obligations."). Yet at no point has Cloudflare provided a legal basis for treating BadgerDAO as a general partnership. *See* Opp. at 2, 9, 11 (citing naked assertions from Cloudflare's Counterclaims or Opposition to the Litigation Administrator's Motion to Dismiss).

12.     Moreover, when Cloudflare previously addressed whether BadgerDAO is a general partnership, it opposed that characterization. *See* Reply Mem. in Further Support of Defendant Cloudflare's Mot. to Dismiss [ECF No. 21] at 8-9. The Litigation Administrator argued that

BadgerDAO is a partnership. *See* Mem. of Law in Support of Mohsin Y. Meghji's Opp. to Defendant Cloudflare, Inc.'s Mot. to Dismiss [ECF No. 16] ¶ 17 (citing *Sarcuni v. bZx DAO*, 664 F. Supp. 3d 1100, 1116-18 (S.D. Cal. 2023)). Cloudflare countered, asserting that "[t]o plausibly demonstrate a 'general partnership,' a plaintiff needs to show that BadgerDAO is '(1) an association of two or more persons; (2) carrying on as co-owners of (3) a business for profit.' Celsius's Complaint fails to plead these basic elements." [ECF No. 21] at 8 (quoting *Sarcuni*, 664 F. Supp. 3d at 1115). The Court never ruled on that argument. Now, conveniently, Cloudflare treats BadgerDAO as a general partnership.

13.     Cloudflare cites *Samuels v. Lido DAO*, 757 F. Supp. 3d 951, 965 (N.D. Cal. 2024), but neither it nor *Sarcuni* supports the proposition that BadgerDAO is a partnership. Opp. at 10. In *Sarcuni*, the court merely found that "Plaintiffs have stated facts sufficient to allege that a general partnership existed" to defeat a motion to dismiss. 664 F. Supp. 3d at 1118. In *Samuels*, the court concluded only that the plaintiff "alleged sufficient facts to allow the reasonable inference that a Lido DAO general partnership was formed." 757 F. Supp. 3d at 962. Moreover, the court notes that the question of general partnership is one of fact. *Id.* It therefore must be tested on a case-by-case basis. Both decisions applied the California law on general partnerships, which application to the present case the Litigation Administrator has argued would be "illogical and incorrect." [ECF No. 78] at 9. Under New York law, for example, the existence of a partnership is determined in accordance with New York Partnership Law § 11, with a focus on profit-sharing. *See* N.Y. P'ship L. § 11(4).

14.     Cloudflare's own pleadings fail to satisfy these elements. The Third-Party Complaint attributes to BadgerDAO only decentralized finance ("DeFi") platform activity: enabling bitcoin as collateral, user interactions, and integrated DeFi products. *See* Cloudflare,

Inc.'s Third-Party Complaint [ECF No. 47] ("Third-Party Compl.") ¶¶ 25, 27, 29; Complaint [ECF No. 1] ("Compl.") ¶¶ 39-40. Cloudflare offers no explanation of how BadgerDAO itself generates profit, or how alleged partners share in losses—a fundamental feature of partnerships. *See Needel v. Flaum*, 670 N.Y.S.2d 285, 286 (1998) ("[T]he essence of a partnership . . . manifests itself in mutual control and an agreement to share the burden of losses.").

15. Cloudflare further argues that BadgerDAO's governance token holders, including Celsius, "had the right—but not the obligation—to vote or participate, and there were no capital call requirements, ongoing agency roles, or enforceable bilateral fiduciary duties amongst token holders." [ECF No. 73] at 12. Thus, Cloudflare itself acknowledges the absence of other common hallmarks of a general partnership. *See, e.g.*, N.Y. P'Ship L.§ 20(1); *In re Schick*, 235 B.R. 318, 326 (Bankr. S.D.N.Y. 1999) ("We may take as common ground that a general partner owes fiduciary duties to the partnership."). Yet now Cloudflare asks the Court to assume BadgerDAO is a partnership.

16. Cloudflare cannot have it both ways. The party asserting the existence of a partnership bears the burden of proof. *Slinin v. Shnaider*, No. 15-CV-9674 (RJS), 2019 WL 13214733, at *2 (S.D.N.Y. Oct. 1, 2019) (quoting *N. Am. Knitting Mills, Inc. v. Int'l Women's Apparel, Inc.*, No. 99-cv-4643 (LAP), 2000 WL 1290608, at *1 (S.D.N.Y. Sept. 12, 2000)). Cloudflare's naked assumption that BadgerDAO is a partnership fails to satisfy this burden.

17. Accordingly, because Cloudflare has not adequately pleaded that BadgerDAO constitutes a partnership—and has previously argued against such a finding—the Court cannot assume the Litigation Administrator or Celsius estate owes contingent partnership obligations. Without any contingent obligations, the "any conceivable effect" test for subject matter jurisdiction cannot be met.

**C.     Equity Cannot Create Subject Matter Jurisdiction Where There Is None**

18.     Cloudflare ultimately resorts to the argument that the Court may invoke its equitable powers to create subject matter jurisdiction. This argument is backward: "equity follows the law," not the reverse. *Hedges v. Dixon Cnty.*, 150 U.S. 182, 192 (1893). Accordingly, Cloudflare's position fails.

19.     A Court must have subject matter jurisdiction before exercising equitable powers. "This follows from the longstanding notion that courts of equity cannot 'create a remedy in violation of law, or even without the authority of law.'" *Michigan Corr. Org. v. Michigan Dep't of Corr.*, 774 F.3d 895, 906 (6th Cir. 2014) (quoting *Rees v. City of Watertown*, 86 U.S. (19 Wall.) 107, 122 (1873)); *see also Hedges*, 150 U.S. at 192 ("Where a contract is void at law for want of power to make it, a court of equity has no jurisdiction to enforce such contract, or in the absence of fraud, accident, or mistake to so modify it as to make it legal, and then enforce it. ***Courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law***.") (emphasis added); *cf. In re Bowman*, 24 F. Supp. 381, 384 (S. D. Cal. 1938) ("Equity does not create new rights, but affords a remedy for existing rights.").

20.     Cloudflare's cited cases do not support its position. In *Bank of Marin v. England*, 385 U.S. 99, 103 (1966), Cloudflare quotes that "[t]here is an overriding consideration that equitable principles govern the exercise of bankruptcy jurisdiction." Opp. at 11-12. But *Bank of Marin* addresses what a court may do ***once jurisdiction exists***, not whether jurisdiction exists. *See generally Bank of Marin*, 385 U.S. 99. Similarly, *In re Momentum Manufacturing Corp.*, 25 F.3d 1132 (2d Cir. 1994), concerns a Chapter 11 debtor amending employee remuneration where jurisdiction was undisputed. Opp. at 12; *see generally Momentum Mfg.*

7

21.     Cloudflare places its greatest reliance on this Court's decision in *In re All Year Holdings, Ltd.*, No. 21-12051 (MG), 2024 WL 1460157 (Bankr. S.D.N.Y. Apr. 3, 2024).[3] But *All Year Holdings* did not involve a motion to dismiss for lack of subject matter jurisdiction. The issue there was permissive abstention, and the moving party had ***conceded*** "related to" jurisdiction under 28 U.S.C. § 1334. *Id.* at *2. Moreover, the motion concerned "an entity acting 'to the debtor's behoof,' whose litigation proceeds will inure to the benefit of creditors," not a third party. *Id.* at *6. The case is therefore inapposite; the conceivable effects test was undisputed.

22.     Cloudflare also misstates the "federal policy" cited in *All Year Holdings*. Opp. at 13. That policy, quoting *In re Boston Regional Medical Center*, 410 F.3d 100, 105 (1st Cir. 2005), supports the "expeditious liquidation of debtor corporations and ***the prompt distribution of available assets to creditors***." *All Year Holdings*, 2024 WL 1460157, at *6 (emphasis added). It promotes concentrating in a single forum litigation that affects the bankruptcy estate (i.e., meets the "conceivable effects" test). *Id.* Subject matter jurisdiction must exist before the Court can consider such equitable policy.

23.     Cloudflare further contends that interrelated conduct by BadgerDAO and Celsius supports jurisdiction. Opp. at 12-13. But all cited cases involve debtors alleged to have committed wrongdoing alongside a third party. *See SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018); *In re Purdue Pharms., L.P.*, 619 B.R. 38, 50 (S.D.N.Y. 2020); *see also In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 321 (S.D.N.Y 2003). These cases show that when a debtor and co-tortfeasors are jointly liable, "any action against their co-tortfeasors . . . falls within the bankruptcy court's 'related to' jurisdiction." *Purdue*, 619 B.R. at 50. Here, Cloudflare does not allege that

---

[3] Cloudflare cites to 2024 Bankr. LEXIS 827 (Bankr. S.D.N.Y. Apr. 3, 2024)

Celsius is a joint tortfeasor with BadgerDAO; no relevant interrelated conduct exists to support jurisdiction under 28 U.S.C. § 1334.

24.     Accordingly, Cloudflare's argument that the Court may invoke its equitable powers to create subject matter jurisdiction must be rejected.

**II.    The Contribution Claim Does Not Arise from or Relate to *BadgerDAO's* Contacts with the Forum**

25.     Cloudflare relies heavily on two alleged contacts with the United States. First, Cloudflare points to BadgerDAO's purported execution of the Subscription Agreement, which includes a California choice-of-law and forum-selection clause. Opp. at 16. Second, Cloudflare emphasizes Mr. Spadafora's contacts with Celsius in the United States as the purported basis for personal jurisdiction over BadgerDAO. Opp. at 16-19. As set forth below, both arguments fail.

**A. BadgerDAO's Alleged Negligence Is Wholly Unrelated to the Subscription Agreement**

26.     Cloudflare's reliance on BadgerDAO's agreeing to the Subscription Agreement is misplaced. Although the Subscription Agreement contains a forum-selection clause and a governing-law clause referring to arbitration in California and California law, respectively, the Contribution Claim does not arise out of or relate to the Subscription Agreement.

27.     Citing *In re Fairfield Sentry* to define what "arises out" means in the context of forum-directed activities, stating that "[a] claim 'arises out of a defendant's contacts with the forum where the 'defendant's allegedly culpable conduct involves at least in part financial transactions that touch the forum.'" Opp. at 20 (quoting *In re Fairfield Sentry Ltd.*, 627 B.R. 546, 566 (Bankr. S.D.N.Y. 2021)). That case, however, involved the largest foreign feeder fund channeling investments into Bernie Madoff's Ponzi scheme. *In re Fairfield Sentry*, 627 B.R. at 552. There, the culpable conduct consisted of financial transactions tied to a New York-based Ponzi scheme. By contrast, the Contribution Claim here arises from BadgerDAO's alleged negligence in failing

9

to "implement basic security protocols that could have prevented the hack on BadgerDAO's end, such as rotating key passphrases." Opp. at 5, 21 (quoting Compl. ¶¶ 12, 69). This garden-variety negligence is unrelated to the financial transactions required to meet the standard in *Fairfield Sentry* or in *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*, 650 B.R. 5 (Bankr. S.D.N.Y. 2023), also cited by Cloudflare. Opp. at 20-21.

28. Cloudflare meanwhile does not contend at all that the Contribution Claim arises out of BadgerDAO's contacts via the Subscription Agreement. The reason is clear: while Cloudflare asserts that it "is seeking contribution from BadgerDAO in connection with the [Litigation] Administrator's negligence claim" (Opp. at 21), the Contribution Claim is based solely on BadgerDAO's alleged negligence, not Cloudflare's. Cloudflare's own actions under the Subscription Agreement are parallel but wholly unrelated to BadgerDAO's purported failure to secure its platform. *See* Opp. at 20–22.

29. Cloudflare also challenges BadgerDAO's reliance on *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984), claiming that *Helicopteros* addressed only general jurisdiction and "was not considering—and its analysis does not reflect—what contacts are sufficient to establish specific jurisdiction." Opp. at 19. This is correct, but the *Helicopteros* discussion mirrors that in *Commodity Futures Trading Commission v. Ooki DAO*, 2023 WL 5321527, at *4 (N.D. Cal. June 8, 2023), which Cloudflare cites for the proposition that "DAOs are not exempted from these basic and well-settled principles" regarding purposeful availment. Opp. at 15–16. In *Ooki DAO*, the court analyzed whether there were "sufficient national contacts," not whether the harm arose out of or related to those contacts. 2023 WL 5321527, at *4. The court's test questioned—on a default judgment motion—whether "Ooki DAO acted in the United States and caused foreseeable contacts in this country." *Id.* (internal quotations omitted). That

inquiry sounds in general jurisdiction, which Cloudflare disclaims. See Opp. at 14. Accordingly, *Ooki DAO* is inapposite.[4]

30.     Because the Contribution Claim does not arise out of or relate to the Subscription Agreement, *Helicopteros* factors are controlling only in assessing Cloudflare's personal jurisdiction arguments, absent the Indemnity Claims and Mr. Spadafora's forum contacts. *See* MTD at 19–20.

31.     In short, Cloudflare does not allege that **BadgerDAO's** alleged negligence arises from or relates to BadgerDAO's purported availment via the Subscription Agreement. That leaves only Mr. Spadafora's contacts to satisfy the "arising out of" test.

**B. Cloudflare Relies on the Same Naked Assumption that BadgerDAO Is a General Partnership**

32.     Cloudflare's reliance on Mr. Spadafora's contacts fails for the same reason the "conceivable effects" analysis fails: Cloudflare assumes, without evidence, that BadgerDAO is a partnership rather than meeting its burden of proof.

33.     Cloudflare's arguments for personal jurisdiction focus overwhelmingly on Mr. Spadafora's purported status as a general partner of BadgerDAO. *See* Opp. 16-20. These arguments depend almost entirely on the assumption that Mr. Spadafora is a partner. *See, e.g.*, Opp. at 18 (relying on "Spadafora's status as BadgerDAO's founder, Senior Community Member, and general partner" where "Courts in this Circuit have commonly found personal jurisdiction over a partnership based on the activities of a single partner acting on behalf of the partnership"). For the reasons discussed above, the Court cannot accept Cloudflare's unsupported assumption. *See supra* Argument § I.B.

---

[4] Neither Cloudflare nor the Litigation Administrator have provided evidence that remotely meets this test in any event. Cloudflare relies on the Litigation Administrator's contacts argument, which, in turn, are focused entirely on Mr. Spadafora. *See, e.g.*, Opp. at 16-20.

34.     Cloudflare's reliance on the law of the case doctrine is also misplaced. *See* Opp. at 17-18. In denying Mr. Spadafora's Motion to Dismiss, the Court addressed only his direct contacts with Celsius and the United States, not whether BadgerDAO is a partnership. *See* Mem. Opinion and Order Denying Spadafora Mot. to Dismiss [ECF No. 24] at 10-11. Similarly, in denying Cloudflare's Motion to Dismiss, the Court did not decide the partnership issue. *See supra* Argument § I.B; Mem. Opinion and Order Denying Cloudflare Mot. to Dismiss [ECF No. 26] at 6, 9-10. The issue remains live.

35.     Cloudflare further contends that Mr. Spadafora's actions are attributable to BadgerDAO under agency principles. Opp. at 19. But Cloudflare has previously argued against agency for BadgerDAO's governance token holders, including Celsius and Mr. Spadafora. *See* [ECF No. 73] at 12. Accepting Cloudflare's arguments on both partnership and agency would reward gamesmanship.

36.     Accordingly, Cloudflare's naked assumptions regarding BadgerDAO's partnership status are fatal to its personal jurisdiction arguments concerning Mr. Spadafora's contacts with the forum.

## CONCLUSION

37.     For the foregoing reasons, and as stated in the Motion, BadgerDAO respectfully requests that the Court dismiss the Third-Party Complaint.

Dated: December 24, 2025

/s/ *Peter Scoolidge*
Peter Scoolidge
SCOOLIDGE PETERS RUSSOTTI & FOX LLP
2 Park Avenue – 20th Floor
New York, NY 10016
(212) 729-7708
peter@sprfllp.com

*Counsel for Third-Party Defendant BadgerDAO*

## CERTIFICATE OF SERVICE

I, Peter Scoolidge, certify that I am over eighteen (18) years of age, am not a party to this action, and am an attorney licensed by the State Bar of New York and admitted to practice in this Court. I further certify that on December 24, 2025, upon electronic filing of the Reply Memorandum in Support of Third-Party Defendant BadgerDAO's Motion to Dismiss the Third-Party Complaint, electronic mail filing notifications were sent to Mayer Brown LLP, 1221 Avenue of the Americas, New York, NY 10020 (Attn: Matthew D. Ingber, mingber@mayerbrown.com), as well as to all attorneys of record registered to receive electronic mail notices of filings in this case via this Court's ECF filing system.

I declare under penalty of perjury that the foregoing is true to the best of my knowledge.

Dated: December 24, 2025

/s/ *Peter Scoolidge*
Peter Scoolidge
SCOOLIDGE PETERS RUSSOTTI & FOX LLP
2 Park Avenue – 20th Floor
New York, NY 10016
(212) 729-7708
peter@sprfllp.com