

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Matthew D. Ingber**
Partner
T: +1 212 506 2373
F: +1 212 849 5973
MIngber@mayerbrown.com

February 20, 2026

<u>VIA ECF</u>

Honorable Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004
mg.chambers@nysb.uscourts.gov

Re:    <u>Meghji v. Spadafora, No. 24-03981 (Bankr.
       S.D.N.Y. 2024)</u>

Dear Judge Glenn:

We write on behalf of Defendant Cloudflare, Inc. ("Cloudflare") in response to the Litigation Administrator's February 18, 2026 letter, which purports to bring a "newly-uncovered fact" to the Court's attention in connection with the Administrator's fully briefed motion to dismiss Cloudflare's counterclaims. ECF No. 86 (the "Letter"). The Letter does not identify any new fact, let alone one that was "newly-uncovered." It instead reflects yet another shift in the Administrator's position regarding whether Celsius is—or was—a general partner of BadgerDAO, and whether BadgerDAO was ever a partnership at all. Over the course of this litigation, the Administrator has advanced three shifting and inconsistent positions regarding its partnership status—first asserting that Celsius **is** a partner, then that it **was** a partner, and now that **no** partnership existed at all. The Letter should be disregarded.

*First*, the Letter does not raise a "newly-uncovered" fact. As the Administrator itself acknowledges, Letter at 2, Spadafora asserted his position that BadgerDAO was not a partnership in his **January 2025** reply brief in support of his motion to dismiss—well before the Administrator filed its motion to dismiss Cloudflare's Counterclaims. *See* ECF No. 20 ¶ 15. The Administrator was thus on notice of Spadafora's position and could have raised this argument at any point during briefing on Cloudflare's Counterclaims. Its decision not to do so does not convert a year-old litigation position into a "newly-uncovered fact," nor does it justify post-briefing supplementation.

*Second*, Spadafora's litigation statements are not "facts." In the second filing cited by the Administrator, Mr. Spadafora asserts—without citing any caselaw—that "a DAO is a decentralized autonomous organization, not a partnership." ECF No. 80 ¶ 1. Mr. Spadafora further

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England & Wales), Mayer Brown Hong Kong LLP (a Hong Kong limited liability
partnership) and Tauil & Chequer Advogados (a Brazilian law partnership).

Mayer Brown LLP

Honorable Martin Glenn
February 20, 2026
Page 2

argues that there are no allegations suggesting that either he or Celsius viewed their relationship with BadgerDAO as a partnership. *Id.* ¶ 17. Those are not "facts," but conclusory legal positions.

*Third*, Spadafora's personal characterization of BadgerDAO does not determine BadgerDAO's legal status as a general partnership. Setting aside that the Administrator applies the wrong state's law,[1] even the Administrator's own cited authority makes clear that the "intent of the parties" is but one of several factors that courts consider determining partnership status. *See, e.g.*, *Moses v. Savedoff*, 96 A.D.3d 466, 470 (1st Dep't 2012). In making that assessment, "no single factor is determinative." *Hammond v. Smith*, 151 A.D.3d 1896, 1897 (4th Dep't 2017). Here, the ***Administrator itself has repeatedly claimed that Celsius "is" and/or "was" a general partner of BadgerDAO***. *See, e.g.*, ECF No. 16 at 7 ("Celsius is in fact a general partner of BadgerDAO"), *id.* at 11 ("Celsius is a general partner of a customer of Cloudflare"); S.D.N.Y. Case No. 1:25-cv-04444, Dkt. No. 4 at 8 ("Celsius was a general partner of BadgerDAO"). Nowhere in the Letter does the Administrator explain why its own intent—as a purported party to the partnership—does not also bear on this analysis. Nor does the Administrator address the remaining factors relevant to a partnership determination, including "whether the parties shared joint control in the management of the business [and] shared profits and losses and the existence of capital contribution." *Moses*, 96 A.D.3d at 470. At most, the question of BadgerDAO's exact legal status warrants discovery—certainly not dismissal of Cloudflare's Counterclaims at the pleading stage.

*Fourth*, as Cloudflare has shown in its Counterclaims, it was the Administrator itself who has alleged the existence of a partnership, including that BadgerDAO operates via, among other things, shared ownership and shared decision making. *See* ECF No. 42 ("Counterclaims") at ¶¶ 25-29 (citing Compl. ¶¶ 5, 18, 34-36, 38-40, 52-53, 81, 83, 90). These are key characteristics of a partnership, as acknowledged in the Administrator's cited cases. *See Hammond*, 151 A.D.3d at 1897. In the cases cited by the Administrator that granted dismissal, plaintiffs failed to allege partnership characteristics. *See, e.g.*, *Tesla v. Pelinkovic*, 2025 WL 2452345, at *3 (S.D.N.Y. Aug. 26, 2025). That is not the case here, where Celsius has alleged that BadgerDAO's governing members—including Celsius—purchased BadgerDAO governance tokens that allowed them to vote on initiatives that are then implemented on the BadgerDAO platform. *See* Counterclaims ¶ 26 (citing Compl. ¶¶ 35, 39). As BadgerDAO itself has stated, it operates via "[s]hared ownership in the DAO." Counterclaims ¶ 28 (citing https://badger.com). Moreover, the few courts around the country that have considered the legal status of DAOs have found them to be general partnerships based on similar allegations of tokenholder voting and shared profits as those made here. *See, e.g.*, *Samuels v. Lido Dao*, 757 F. Supp. 3d 951, 962 (N.D. Cal. 2024); *Sarcuni v. bZx DAO*, 664 F. Supp. 3d 1100, 1116 (S.D. Cal. 2023).

*Fifth*, that the Administrator is now continuing to reverse its position on the existence of the BadgerDAO partnership only further underscores why Cloudflare's indemnification claims

---

[1] Although the Administrator relies on New York law for this proposition, Cloudflare has argued that California law governs issues relating to the BadgerDAO partnership for the purposes of its indemnification claim. *See* ECF No. 73 at 20-23. Nothing in this response letter waives that position.

Mayer Brown LLP

Honorable Martin Glenn
February 20, 2026
Page 3

based on partnership liability should not be treated as pre-petition claims subject to the discharge injunction. As Cloudflare has previously explained, Celsius did not disclose its purported status as a general partner of BadgerDAO until it asserted that position in opposing Cloudflare's motion to dismiss. Accordingly, Cloudflare's Counterclaims were not, and could not have been, "fairly contemplated" prior to the Effective Date. *See* ECF No. 73 at 12-15. By now contending that there was never a partnership, the Administrator effectively acknowledges that the issue was uncertain—and certainly not known to Cloudflare—prior to this adversary proceeding.

*Sixth*, the Administrator should not be permitted to repeatedly invoke partnership status when advantageous and repudiate it when inconvenient to avoid liability on Cloudflare's Counterclaims. That is precisely why equitable estoppel warrants relief from the discharge injunction (if it applies at all). *See* ECF No. 73 at 15-17. Celsius did not disclose any purported partnership status during the bankruptcy claims process. It then commenced this Adversary Proceeding and affirmatively represented that it "**is**" a general partner of BadgerDAO in order to imply a closer relationship between itself and Cloudflare—and thus, in its view, a duty of care. *See* ECF No. 16 at 7, 11; S.D.N.Y. Case No. 1:25-cv-04444, Dkt. No. 4 at 7. Cloudflare reasonably relied on those express representations in asserting indemnification-based Counterclaims and incurring substantial litigation costs. *See* ECF No. 73 at 17. Then, in moving to dismiss Cloudflare's Counterclaims, the Administrator insisted that it "**was**," but is no longer, a general partner of BadgerDAO and therefore has no indemnification obligations to Cloudflare. *See* ECF No. 61 at 17-19. The Administrator now—after its motion to dismiss has been fully briefed—adopts a third position, contending that BadgerDAO was **never** a partnership at all. Having advanced its purported partnership status in order to defeat Cloudflare's motion to dismiss, the Administrator cannot now disavow that same theory to avoid indemnification exposure. Equity does not permit a litigant to adopt and then abandon a position whenever it best suits its immediate advantage. The Administrator should be estopped from benefiting from its own shifting positions.

*Finally*, Cloudflare preserves its position from the outset of this matter that it owed no duty of care to Celsius—an unknown customer of a customer. In attempting to fend off that defense by establishing a purported relationship between Cloudflare and Celsius, the Administrator expressly and repeatedly argued that Celsius "is" a general partner of BadgerDAO. *See* ECF No. 16 at 7, 11. Even while the Administrator previously used its position that it was a partner in BadgerDAO to advance its claims beyond the motion to dismiss stage, the Administrator's current position—that there was never a partnership after all—only reinforces that Cloudflare and Celsius were complete strangers to one another. Accordingly, and for all of the reasons set forth in Cloudflare's original motion to dismiss, and as discovery will confirm, Cloudflare owed no duty of care to Celsius.

For these reasons, and those stated in Cloudflare's Opposition, the Administrator's Letter should be disregarded and its motion to dismiss Cloudflare's Counterclaims should be denied.

Honorable Martin Glenn
February 20, 2026
Page 4

Respectfully submitted,

_____
Matthew D. Ingber
Niketa K. Patel
Joaquin M. C de Baca
David Yolkut
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Email: mingber@mayerbrown.com
npatel@mayerbrown.com
jcdebaca@mayerbrown.com
dyolkut@mayerbrown.com

*Attorneys for Defendant / Counterclaim & Crossclaim-Plaintiff / Counterclaim Defendant / Third-Party Plaintiff Cloudflare, Inc.*

cc: All counsel of record (via ECF)