

Mayer Brown LLP
1221 Avenue of the Americas
New York, NY 10020-1001
United States of America

T: +1 212 506 2500
F: +1 212 262 1910

mayerbrown.com

**Matthew D. Ingber**
Partner
T: +1 212 506 2373
MIngber@mayerbrown.com

March 9, 2026

VIA ECF

Honorable Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court for the Southern District of New York
One Bowling Green
New York, NY 10004
mg.chambers@nysb.uscourts.gov

Re:    Meghji v. Spadafora et al., No. 24-03981 (Bankr. S.D.N.Y. 2024)

Dear Judge Glenn:

We write on behalf of Cloudflare, Inc. ("Cloudflare") in response to BadgerDAO's March 4, 2026 letter, which purports to "provide additional factual and legal context" related to its pending motion to dismiss the Third-Party Complaint. ECF No. 88 (the "Letter"). The Letter raises no new facts or authority. Instead, BadgerDAO's letter is an untimely injection of additional argument about whether BadgerDAO is a partnership after briefing has closed, just as the Litigation Administrator tried to do. *See* ECF No. 86. And the Letter largely repeats the points BadgerDAO raised in its Reply brief. *See* ECF No. 81. Accordingly, it should be disregarded. In any event, BadgerDAO's arguments are meritless.

*First*, as Cloudflare explained in response to the Litigation Administrator's letter on this same issue (*see* ECF No. 87), which we incorporate here by reference, Spadafora's litigation statements regarding BadgerDAO's legal status are neither "newly uncovered facts" nor dispositive of the partnership issue. To the extent BadgerDAO asserts that "the other parties" now "agree" that BadgerDAO is not a partnership, that purported consensus simply reflects the current status of the litigation positions recently adopted by the Litigation Administrator and BadgerDAO in an effort to avoid obligations under BadgerDAO's agreement with Cloudflare.

*Second*, BadgerDAO mischaracterizes Cloudflare's position with respect to the legal status of the BadgerDAO entity. In moving to dismiss the Complaint, Cloudflare argued that Celsius had failed to plead the basic elements of a partnership—specifically in response to the Administrator's assertion that Cloudflare owed a duty to Celsius as a purported general partner of BadgerDAO. *See* ECF No. 16 at 7, 11; ECF No. 21 at 8. After the Court denied that motion and the Administrator's case against Cloudflare was permitted to proceed, Cloudflare appropriately addressed the consequences of Celsius's alleged partnership status, including as it relates to

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England & Wales), Mayer Brown Hong Kong LLP (a Hong Kong limited liability
partnership) and Tauil & Chequer Advogados (a Brazilian law partnership).

Honorable Martin Glenn
March 9, 2026
Page 2

indemnification liability. Cloudflare's Counterclaims make this explicit: "To the extent that Celsius purports to hold itself out as a governing member and therefore general partner of BadgerDAO, it is bound by the terms of the Self-Serve Subscription Agreement." ECF No. 42 ¶ 7.

*Third*, BadgerDAO argues, without authority, that Cloudflare cannot rely on the Complaint's allegations regarding BadgerDAO's partnership characteristics. But those allegations remain part of the operative complaint in this action. Nor do the cases cited by Cloudflare support BadgerDAO's position. Both *Samuels v. Lido Dao*, 757 F. Supp. 3d 951, 962 (N.D. Cal. 2024) and *Sarcuni v. bZx DAO*, 664 F. Supp. 3d 1100, 1116 (S.D. Cal. 2023), held that allegations of token-holder voting and shared profits, similar to those made here, were sufficient at the pleading stage to plead partnership status—the same procedural posture as here.

*Finally*, BadgerDAO suggests—for the first time—that it may lack the capacity to be sued.[1] It never raised that argument in its motion to dismiss briefing, and it cannot properly do so now through a post-briefing letter.

For these reasons, and those stated in Cloudflare's Opposition, BadgerDAO's letter should be disregarded and its motion to dismiss the Third-Party Complaint should be denied.

Respectfully submitted,

_____
Matthew D. Ingber
Niketa K. Patel
Joaquin M. C de Baca
David Yolkut
**MAYER BROWN LLP**
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
Email: mingber@mayerbrown.com
npatel@mayerbrown.com
jcdebaca@mayerbrown.com
dyolkut@mayerbrown.com

*Attorneys for Defendant / Counterclaim & Crossclaim-Plaintiff / Counterclaim Defendant / Third-Party Plaintiff Cloudflare, Inc.*

cc: All counsel of record (via ECF)

---

[1] *See* Letter at 2 ("To the extent BadgerDAO is not a partnership—or any other legally recognized entity—it may lack the capacity to be sued.").