WHITE & CASE

White & Case LLP
1221 Avenue of the Americas
New York, NY 10020-1095
T +1 212 819 8200

whitecase.com

May 29, 2026

**VIA ECF**
Honorable Martin Glenn
Chief United States Bankruptcy Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408
mg.chambers@nysb.uscourts.gov

Re: *Meghji v. Spadafora (In re Celsius Network LLC)*, Adv. Proc. No. 24-03981 (MG)

Dear Judge Glenn:

We write on behalf of the Litigation Administrator to request a pre-motion conference regarding a discovery dispute. Specifically, Defendant Cloudflare Inc. ("Cloudflare") is refusing to search and produce responsive documents from the custodial files of certain individuals who held senior executive or other managerial roles at Cloudflare and who are likely to possess relevant information for Plaintiff's claims. The Administrator respectfully seeks to apprise the Court of this dispute to prevent further delays and, as necessary, compel Cloudflare's compliance with its discovery obligations.

### The Administrator's Requests for Relevant Cloudflare Custodians

As this Court is aware, this case involves a massive hack of the BadgerDAO platform, which had been secured by Cloudflare's security services. As pled in the Complaint (*see* ECF 1), the hack exploited Cloudflare's failure to implement industry-standard security safeguards, including email verification upon account creation, to gain unauthorized access to Celsius's account on BadgerDAO and subsequently steal approximately 900 Bitcoin, with a value well over $50 million; in total, the hackers stole approximately $130 million invested on BadgerDAO.

For several months, the Administrator and Cloudflare have been negotiating the scope of reciprocal document discovery, including search terms and custodians. As relevant here, the Administrator initially proposed ten custodians for Cloudflare to search, which included five individuals who held executive or managerial roles at Cloudflare that are directly relevant to Plaintiff's claims, as identified below (hereinafter the "Executive Custodians"). Cloudflare counter-proposed six individuals comprised of engineering and product manager custodians, only four of whom overlapped with the Administrator's proposed list. Cloudflare excluded all the Executive Custodians.

On the other hand, Cloudflare had requested that the Administrator search the files of three individuals who previously served in legal roles at Celsius. Notwithstanding that lawyers are typically not subject to custodial review, the Administrator offered, in the spirit of compromise, to

133558749

WHITE & CASE

produce two of those three lawyers to avoid any unnecessary delay or further disputes over custodians. The Administrator has also agreed to search an additional eight custodians, at Cloudflare's request, for a total of ten custodians.

After months of simply refusing to agree to the Administrator's request to include the Executive Custodians, on May 6, 2026, Cloudflare told the Administrator that it was reconsidering the Administrator's request for the Executive Custodians, in light of the Administrator's proposed compromise regarding its own lawyer-custodians. But despite repeated follow-up requests over the past three weeks, Cloudflare has refused to confirm that it will search the Executive Custodians—claiming, as late as May 29, 2026, that it is still conducting an "analysis" of the custodial request that has been pending for over four months—leaving the Administrator with no choice but to seek the Court's intervention to avoid any further delay.

**The Requested Custodians Are Likely to Possess Relevant Information**

Plaintiff seeks responsive documents from (1) Matthew Prince, Cloudflare's CEO, (2) Michelle Zatlyn, Cloudflare's Chief Operating Officer, President, and Head of User Experience during the relevant period; (3) Madeline Gregory, Cloudflare's Director of Security Risk; (4) John Graham Cumming, Cloudflare's Chief Technology Officer; and (5) Miriam Levenstein, Cloudflare's Senior Risk Management Specialist. Each of these custodians is likely to possess information that is relevant to the claims and defenses in this case, which, as noted above, centers around the hack and subsequent theft of approximately **$130 million** from a cryptocurrency platform to which Cloudflare provided (or negligently failed to provide) cybersecurity services. For example, given the massive technical vulnerabilities that were exploited in Cloudflare's security services which led to the hack, and the overall magnitude of the resulting loss, it defies credulity that Cloudflare's ***Chief Technology Officer*** and ***Senior Risk Manager*** would not have relevant information about the services Cloudflare provided leading up to the hack, or the Company's response to that hack. The other custodians would similarly have been involved in both the analysis of the strengths and vulnerabilities of Cloudflare's cybersecurity services, and the Company's own assessment of those services in light of the hack.

Cloudflare has provided no rationale for its refusal to search these custodians' files, other than it believes the custodians' emails will be duplicative of emails already being collected by lower-level employees. But that is not how the discovery rules work. The Administrator is entitled to a search of these Executive Custodians' files for responsive information, including for any text messages, internal chats, or other relevant materials that would not have been shared with lower-level custodians. Cloudflare's blanket refusal to search for executive files or to respond to the Administrator's proposed compromise risks prejudicing the Administrator's ability to prosecute its claims. With the close of fact discovery approaching on August 17, 2026 (*see* ECF 92), the Administrator cannot simply wait for Cloudflare's months-long "analysis" of whether to produce these materials, and it respectfully requests a conference with the Court to discuss these issues and, if necessary, to compel Cloudflare to produce documents from the aforementioned Executive Custodians.

(*Signature page following*)

2

133558749

WHITE & CASE

Respectfully submitted,

*/s/ Joshua D. Weedman*
Joshua D. Weedman
Samuel P. Hershey
Gregg E. Marmaro
WHITE & CASE LLP
1221 Avenue of the Americas
New York, N.Y. 10020-1095
Telephone: (212) 819-8963
jweedman@whitecase.com
sam.hershey@whitecase.com
gregg.marmaro@whitecase.com

*Attorneys for Litigation Administrator*


cc:  All Counsel (via ECF)

133558749