Peter Scoolidge
Matthew Brown
Scoolidge Peters Russotti & Fox LLP
2 Park Avenue – 20th Floor
New York, NY 10016
Telephone: (212) 729-7708
Email: peter@sprfllp.com
        mbrown@sprfllp.com

*Counsel for Third-Party Defendant BadgerDAO*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>CELSIUS NETWORK LLC, *et al.*,[1]<br><br>    Post-Effective Date Debtors. | Case No. 22-10964 (MG)<br><br>Chapter 11 |
| MOHSIN Y. MEGHJI, as Representative for the Post-Effective Date Debtors,<br><br>   Plaintiff-Counterclaim Defendant,<br><br>     v.<br><br>CHRISTOPHER SPADAFORA<br><br>   Defendant-Crossclaim Defendant<br><br>and CLOUDFLARE, INC.,<br><br>   Defendant-Counterclaim/Crossclaim Plaintiff | Adv. Proceeding No. 24-03981 (MG) |

---

[1] Pursuant to the Complaint and Third-Party Complaint, the Debtors in these chapter 11 cases (the "Chapter 11 Cases"), along with the last four digits of each Debtor's federal tax identification number, are: Celsius Network LLC (2148); Celsius KeyFi LLC (4414); Celsius Lending LLC (8417); Celsius Mining LLC (1387); Celsius Network Inc. (1219); Celsius Network Limited (8554); Celsius Networks Lending LLC (3390); Celsius US Holding LLC (7956); GK8 Ltd (1209); GK8 UK Limited (0893); and GK8 USA LLC (9450). The location of Debtor Celsius Network LLC's principal place of business and the Debtors' service address in these Chapter 11 Cases is 50 Harrison Street, Suite 209F, Hoboken, New Jersey 07030.

CLOUDFLARE, INC.,

                Third-Party Plaintiff,

      v.

BADGERDAO and JOHN DOES 1 through 10,

                Third-Party Defendants.

**MEMORANDUM OF LAW IN SUPPORT
OF THIRD-PARTY DEFENDANT BADGERDAO'S MOTION TO COMPEL
<u>ARBITRATION AND STAY THE PROCEEDING AGAINST BADGERDAO</u>**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES................................................................................................ii

PRELIMINARY STATEMENT......................................................................................... 1

BACKGROUND ............................................................................................................... 3

LEGAL STANDARD ........................................................................................................ 5

ARGUMENT..................................................................................................................... 5

I.    A VALID AGREEMENT TO ARBITRATE EXISTS BETWEEN BADGERDAO AND
      CLOUDFLARE ..................................................................................................... 5

II.   CLOUDFLARE'S CLAIMS AGAINST BADGERDAO FALL WITHIN THE SCOPE
      OF THE ARBITRATION CLAUSE...................................................................... 6

III.  THE FAA'S PRESUMPTION IN FAVOR OF ARBITRATION APPLIES WITH FULL
      FORCE TO THIS NON-CORE PROCEEDING................................................... 7

IV.   THIS MOTION IS TIMELY AND PRESERVES, RATHER THAN WAIVES,
      BADGERDAO'S RIGHT TO ARBITRATE ....................................................... 8

CONCLUSION................................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Doyle v. UBS Fin. Servs., Inc.*,
144 F.4th 122 (2d Cir. 2025) ................................................................................... 8, 9, 10

*In re Nat'l Events Holdings, LLC*,
No. 17-11556 (JLG), 2023 WL 4771901 (Bankr. S.D.N.Y. July 26, 2023) .............................. 8

*In re U.S. Lines, Inc.*,
197 F.3d 631 (2d Cir. 1999) ................................................................................................. 8

*JLM Indus., Inc. v. Stolt-Nielsen SA*,
387 F.3d 163 (2d Cir. 2004) ................................................................................................. 5

*Jules v. Andre Balazs Props.*,
608 U.S. ___, 146 S. Ct. 1209 (2026) ................................................................................... 5

*MBNA Am. Bank, N.A. v. Hill*,
436 F.3d 104 (2d Cir. 2006) ................................................................................................. 8

*Meyer v. Uber Techs., Inc.*,
868 F.3d 66 (2d Cir. 2017) ................................................................................................... 6

*Morgan v. Sundance, Inc.*,
596 U.S. 411 (2022) ................................................................................................... 2, 8, 10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ............................................................................................................ 5, 6

*Smith v. Spizzirri*,
601 U.S. 472 (2024) ............................................................................................................. 5

**Statutes**

28 U.S.C. § 1334(b) ........................................................................................................ 1, 7

9 U.S.C. § 3 ................................................................................................................. 1, 5, 11

9 U.S.C. § 4 ................................................................................................................. 1, 5, 11

**Rules**

Fed. R. Bankr. P. 7012.................................................................................................... 3

Fed. R. Bankr. P. 9016.................................................................................................. 10

Fed. R. Civ. P. 12(b)(1) ................................................................................................. 3

Fed. R. Civ. P. 12(b)(2) ................................................................................................. 3

Fed. R. Civ. P. 45..................................................................................................... 2, 10

**PRELIMINARY STATEMENT**

Third-Party Defendant BadgerDAO respectfully submits this Motion, in the alternative to and without waiver of the arguments raised in its pending motion to dismiss the Third-Party Complaint for lack of subject-matter and, in the further alternative, personal jurisdiction (the "Motion to Dismiss"), ECF No. 72, for an order compelling arbitration of the claims asserted against BadgerDAO in the third-party complaint filed by Cloudflare, Inc. (the "Third-Party Complaint"), ECF No. 47, and staying this proceeding as against BadgerDAO pending the completion of that arbitration, pursuant to Sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3, 4.

This motion is conditional. BadgerDAO's Motion to Dismiss—which remains *sub judice* before this Court—raises two independent jurisdictional defects. First, it argues that the Court lacks subject-matter jurisdiction over the Third-Party Complaint in its entirety under 28 U.S.C. § 1334(b), because its resolution would have no conceivable effect on the Celsius estate. Second, and in the further alternative, it argues that even if the Court were to retain jurisdiction over Cloudflare's contribution claim independent of the indemnification claim, the Court lacks personal jurisdiction over BadgerDAO as to that claim once the indemnification claim—the sole basis for BadgerDAO's contacts with the United States—is dismissed. BadgerDAO does not abandon, and continues to press, both arguments, and nothing in this motion should be read to concede either. BadgerDAO respectfully requests that the Court consider and rule on this motion only in the event, and only to the extent that it rejects both.

Nothing in this motion bears on, or should be read to concede, the personal-jurisdiction question raised in the Motion to Dismiss. The scope of the parties' arbitration agreement—a question of contract interpretation addressed below—and the existence of constitutionally sufficient minimum contacts—a question of due process addressed in the Motion to Dismiss—are

1

separate inquiries governed by separate standards. This motion addresses only the former, and only if the Court determines that both subject-matter and personal jurisdiction are otherwise satisfied.

BadgerDAO files this motion now, notwithstanding that conditional posture, because delay carries its own risk. A party may waive its right to arbitrate through litigation conduct inconsistent with that right, and the Supreme Court has held that no showing of prejudice to the opposing party is required for such a waiver to be found. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 417–19 (2022). The need for prompt action is immediate: on July 17, 2026, Cloudflare served BadgerDAO with Requests for Admission and Interrogatories directed at the merits of its indemnification and contribution claims—the first discovery Cloudflare itself has directed at BadgerDAO on the merits of those claims.[2] Rather than respond to that discovery on the merits, BadgerDAO promptly moves, by this motion, to compel arbitration of those claims and to stay its obligation to respond pending resolution of this motion, so as to preserve—rather than jeopardize—its right to arbitrate.

The predicate for the motion is straightforward. Cloudflare's own Self-Service Subscription Agreement (the "Agreement") contains a broad and unambiguous agreement to arbitrate "any and all disputes arising in connection with this Agreement," including claims "based in contract, tort, statute, fraud, misrepresentation or any other legal theory. (ECF No. 47-1, § 17.1.) That clause reaches both of Cloudflare's claims against BadgerDAO: its indemnification claim, which arises directly under the Agreement, and its contribution claim, which—though a distinct New York negligence-based theory not itself dependent on the Agreement—relates to the same underlying relationship and events and falls within the clause's express coverage of tort claims. Cloudflare—the drafter of that provision—elected to bring both claims against BadgerDAO in this

---

[2] Cloudflare's subpoena to BadgerDAO under Rule 45 of the Federal Rules of Civil Procedure predates the Third-Party Complaint. As explained in Part IV, the parties' communications about that subpoena have concerned its scope and search methodology—negotiated as part of BadgerDAO's response to a separate request for production from the Litigation Administrator—not the merits of Cloudflare's claims.

adversary proceeding rather than in arbitration. If the Court determines that it may hear those claims at all, they belong in the forum Cloudflare itself designated.

## BACKGROUND

### A.   *Procedural History*

The Litigation Administrator commenced this adversary proceeding against Cloudflare and Christopher Spadafora. (Compl., ECF No. 1.) On August 4, 2025, Cloudflare, as third-party plaintiff, filed the Third-Party Complaint against BadgerDAO, (ECF No. 47), asserting claims for, effectively, (i) contractual indemnification, premised on BadgerDAO's alleged obligations under the Agreement, attached as Exhibit A to the Third-Party Complaint, (ECF No. 47-1), and (ii) contribution under New York law, premised on the allegation the BadgerDAO's own negligence contributed to the loss for which Cloudflare may be held liable to the Litigation Administrator. On October 10, 2025, BadgerDAO moved to dismiss the Third-Party Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rule 7012, for lack of subject-matter jurisdiction over both claims, and, in the further alternative, pursuant to Rule 12(b)(2), for lack of personal jurisdiction over BadgerDAO as to the contribution claim in the event the indemnification claim is dismissed. Mot. to Dismiss. (ECF No. 72.) That motion has been fully briefed. *See* Cloudflare's Opposition, (ECF No. 76); BadgerDAO's Reply, (ECF No. 81), and has been *sub judice* since December 24, 2025. BadgerDAO files this motion in the further alternative and does not seek to reopen briefing on, or otherwise disturb, the pending Motion to Dismiss.

### B.   *The Agreement's Arbitration Provision*

3

BadgerDAO's relationship with Cloudflare, including the obligations Cloudflare invokes in the Third-Party Complaint is governed by the Agreement. At the very outset of the Agreement, in bolded capitalized text preceding every other provision, Cloudflare gave express notice that:

> THIS AGREEMENT CONTAINS PROVISIONS REQUIRING THAT YOU AGREE TO THE USE OF ARBITRATION TO RESOLVE ANY DISPUTES ARISING UNDER THIS AGREEMENT RATHER THAN A JURY TRIAL OR ANY OTHER COURT PROCEEDINGS, AND TO WAIVE YOUR PARTICIPATION IN CLASS ACTION OF ANY KIND AGAINST CLOUDFLARE.

(ECF 47-1, at 2.[3])

The Agreement further provides that "[b]y clicking on the 'Create Account' button (or any similar button) . . . , by using or accessing the Services, or by otherwise indicating your acceptance of this Agreement, you agree to be bound by this Agreement," and that a party "entering into this Agreement on behalf of a company, organization, or another legal entity" represents that it has authority to bind that entity—in which case "the terms 'you,' 'your' or a related capitalized term . . . will refer to such Entity." (*Id.*)

> Section 17, titled "Dispute Resolution and Arbitration," provides in relevant part:
>
> In the interest of resolving disputes between you and Cloudflare in the most expedient and cost effective manner, you and Cloudflare agree that any and all disputes arising in connection with this Agreement will be resolved by binding arbitration. . . . Our agreement to arbitrate disputes includes, but is not limited to all claims arising out of or relating to any aspect of this Agreement, whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory, and regardless of whether the claims arise during or after the termination of this Agreement.

(ECF No. 47-1, § 17.1.)

Section 17.2 carves out four narrow exceptions to arbitration: small claims actions, agency enforcement proceedings, requests for injunctive relief, and intellectual property infringement

---

[3] The citation and the following citations follow the ECF pagination.

suits. (ECF No. 47-1, § 17.2.) None applies here. Section 17.3 provides that any arbitration will be administered by the American Arbitration Association under its Commercial Arbitration Rules. (ECF No. 47-1, § 17.3.)

## LEGAL STANDARD

The FAA reflects "a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). Under Sections 3 and 4 of the FAA, a court must stay litigation and compel arbitration of any claim the parties have agreed to arbitrate. 9 U.S.C. §§ 3, 4. Where, as here, a party requests a stay pending arbitration, that relief is not discretionary: because Section 3 dictates that a court "shall . . . stay" proceedings involving an arbitrable dispute, "a stay," not dismissal, "is required." *Smith v. Spizzirri*, 601 U.S. 472, 476–77 (2024). Such a stay "comports with the supervisory role that the FAA envisions for the courts," *id.* at 478, and preserves the Court's jurisdiction over the dispute through the conclusion of arbitration and any subsequent proceedings to confirm or vacate the resulting award. *See Jules v. Andre Balazs Props.*, 608 U.S. ___, 146 S. Ct. 1209, 1220 (2026). Courts in this Circuit ask: (i) whether the parties agreed to arbitrate; (ii) the scope of that agreement; (iii) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (iv) if some but not all claims are arbitrable, whether to stay the remainder pending arbitration. *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 169 (2d Cir. 2004). The claims here arise entirely under state law, so the third factor is not implicated.

## ARGUMENT

**I.     A VALID AGREEMENT TO ARBITRATE EXISTS BETWEEN BADGERDAO AND CLOUDFLARE**

An agreement to arbitrate is formed where there is "[r]easonably conspicuous notice of the existence of contract terms and unambiguous manifestation of assent to those terms." *Meyer v.*

*Uber Techs., Inc.*, 868 F.3d 66, 75 (2d Cir. 2017) (applying California law and noting New York law is substantially similar). Both elements are satisfied here as a matter of law.

Notice was more than reasonably conspicuous—it was unmissable. The Agreement's very first substantive text, set off in bold, capitalized letters before any other provision, informed users that the Agreement required arbitration of disputes and waived the right to a jury trial and to participate in a class action. ECF 47-1, at 1. This is precisely the kind of notice courts have found sufficient to bind a user to an arbitration clause in a clickwrap or hybrid online agreement. *Meyer*, 868 F.3d at 75–79.

Assent was equally unambiguous. The Agreement conditions use of the Services on acceptance, manifested by clicking "Create Account," by using the Services, or by any other indication of acceptance. (ECF No. 47-1, at 2.)  And critically, the Agreement expressly contemplates and provides for the precise circumstance presented here: acceptance by a representative "on behalf of a company, organization, or another legal entity," which thereafter binds that entity—here, BadgerDAO—to the Agreement's terms, including Section 17. (*Id.*) Having drafted an agreement that treats BadgerDAO as a bound "Entity" capable of accepting its terms, Cloudflare cannot now invoke the benefits of that same instrument to assert its indemnification claims against BadgerDAO while disclaiming the arbitration clause the instrument contains.

## II.    CLOUDFLARE'S CLAIMS AGAINST BADGERDAO FALL WITHIN THE SCOPE OF THE ARBITRATION CLAUSE

Any doubt about the scope of an arbitration clause is resolved in favor of arbitration. *Moses H. Cone*, 460 U.S. at 24–25. Section 17.1 leaves no doubt to resolve: it reaches "any and all disputes arising in connection with this Agreement," expressly "includ[ing] . . . all claims arising out of or relating to any aspect of this Agreement, whether based in contract, tort, statute, fraud,

misrepresentation or any other legal theory." (ECF No. 47-1, § 17.1.) That is textbook broad arbitration language, of the kind courts routinely construe to capture the full universe of disputes touching the underlying relationship.

Cloudflare's claims for contractual indemnification—however many counts they are pleaded across—seek recovery under the Agreement itself; each is, by definition, a dispute "arising in connection with," and "relating to," the Agreement. Cloudflare's contribution claim stands on different footing as a matter of substantive law: it is a New York negligence-based claim that does not itself require proof of a breach of the Agreement, and is in that sense independent of it. But the arbitration clause does not distinguish between contract-based and tort-based claims—to the contrary, it expressly reaches claims "whether based in contract, tort, statute, fraud, misrepresentation or any other legal theory," and extends to "all claims arising out of or relating to any aspect of this Agreement." (ECF No. 47-1, § 17.1.) The contribution claim relates to the same underlying relationship and events as the indemnification claim, and its independence from the contract as a matter of substantive law does not remove it from a clause drafted broadly enough to capture tort claims regardless of their doctrinal source. All those claims therefore fall within Section 17.1's language on its face, and none falls within any of the four narrow exceptions in Section 17.2: small claims actions, agency proceedings, injunctive relief, or intellectual property claims. (ECF No. 47-1, § 17.2.) None of which bears any relationship to this dispute.

## III. THE FAA'S PRESUMPTION IN FAVOR OF ARBITRATION APPLIES WITH FULL FORCE TO THIS NON-CORE PROCEEDING

To the extent the Court determines that it has "related to" jurisdiction over the Third-Party Complaint under 28 U.S.C. § 1334(b), that determination necessarily means the proceeding is non-core: a dispute between non-debtors over indemnification and contribution "is not a core proceeding because it does not directly involve any of the bankruptcy estates and does not arise

under title 11 or in [a] case under title 11." *In re Nat'l Events Holdings, LLC*, No. 17-11556 (JLG), 2023 WL 4771901, at *5 (Bankr. S.D.N.Y. July 26, 2023).

That distinction matters. A bankruptcy court has discretion to override an otherwise valid arbitration agreement only where it finds that the proceeding is "based on provisions of the Bankruptcy Code that 'inherently conflict' with the [FAA]" or that arbitration would "'necessarily jeopardize' the objectives of the Bankruptcy Code." *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 108 (2d Cir. 2006) (quoting *In re U.S. Lines, Inc.*, 197 F.3d 631, 640 (2d Cir. 1999)). That already-narrow exception applies with still less force in non-core proceedings: a bankruptcy court has less power to override an arbitration agreement in a related, non-core proceeding than in a core one, particularly absent the parties' consent to bankruptcy court adjudication. *See In re U.S. Lines*, 197 F.3d at 636–37. Nothing about resolving a state-law indemnification and contribution dispute between two non-debtors in arbitration would conflict with, let alone jeopardize, any objective of the Bankruptcy Code. *See MBNA*, 436 F.3d at 109–10 (arbitration appropriate where resolution of the claim would have no effect on the estate).

## IV.    THIS MOTION IS TIMELY AND PRESERVES, RATHER THAN WAIVES, BADGERDAO'S RIGHT TO ARBITRATE

A party waives the right to arbitrate where it has "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right"—an inquiry governed by ordinary contract-waiver principles, without regard to prejudice to the opposing party. *Morgan*, 596 U.S. at 417–19; *Doyle v. UBS Fin. Servs., Inc.*, 144 F.4th 122, 127–28 (2d Cir. 2025). Neither delay alone nor the mere existence of some litigation activity is dispositive; the question is whether the movant's own conduct is inconsistent with an intent to preserve arbitration — whether it has "availed" itself of the court's authority to resolve the claims against it. *Doyle*, 144 F.4th at 128, 131.

BadgerDAO's conduct bears no resemblance to the conduct that produced waiver in *Doyle*. There, the defendants asked the district court to resolve—through abstention—the very claims the plaintiffs had brought against them, and waited one and half months after losing that motion before invoking arbitration. *Id.* at 124–25, 131. BadgerDAO, by contrast, has never asked this Court to resolve Cloudflare's indemnification or contribution claims on any basis other than the threshold question of whether the Court has power to hear them at all—an argument that the Court lacks authority to act, not an invitation for the Court to exercise that authority.

That BadgerDAO's Motion to Dismiss did not separately invoke arbitration is not evidence of an intent to litigate the merits rather than arbitrate them. A ruling in BadgerDAO's favor on either jurisdictional ground would fully resolve the Third-Party Complaint, leaving no occasion to reach arbitration at all. BadgerDAO raises the question now, while the Motion to Dismiss remains undecided, rather than waiting—as the defendants in *Doyle* did—until after an adverse ruling to invoke arbitration for the first time. *See Doyle*, 144 F.4th at 124–25, 131.

Nor has BadgerDAO engaged in meaningful merits discovery with Cloudflare. Cloudflare served BadgerDAO with a subpoena under Rule 45 of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rule 9016, before the Third-Party Complaint was filed and before BadgerDAO was a party to this proceeding. Compliance with a subpoena is compelled by legal process, not a matter of litigation choice: unlike a party's voluntary participation in litigation, a subpoena recipient does not elect to be part of a proceeding, and BadgerDAO had no claim against it to litigate or arbitrate when the subpoena issued. The parties' communications concerning that subpoena has not involved argument over the merits of Cloudflare's indemnification or contribution claims, and it is not—nor is BadgerDAO's response to the Litigation Administrator's own request for production—the kind of adversarial engagement with Cloudflare—BadgerDAO's

9

only counterparty under the Agreement—that *Morgan* and *Doyle* treat as inconsistent with an intent to arbitrate. BadgerDAO has not sought or produced discovery directed at the merits of Cloudflare's indemnification or contribution claims, has not noticed or sat for a deposition, and raises this motion before any deposition has occurred and before discovery between BadgerDAO and Cloudflare on the claims Cloudflare actually asserts has begun.

Indeed, Cloudflare's recent service of Requests for Admission and Interrogatories—the first merits discovery Cloudflare has directed at BadgerDAO since the Third-Party Complaint was filed—is precisely the development that prompted this motion. BadgerDAO has not responded to that discovery. Rather than answer on the merits and risk exactly the kind of engagement *Morgan* and *Doyle* treat as inconsistent with an intent to arbitrate, BadgerDAO moved immediately to compel arbitration and to stay its obligation to respond. That is the conduct of a party acting to preserve its arbitration right at the first moment it was tested—the opposite of the seven-month, unreserved engagement with the merits that produced waiver in *Doyle*.

## CONCLUSION

For the foregoing reasons, BadgerDAO respectfully requests that the Court enter an order:

(a)    immediately staying BadgerDAO's obligation to respond to the Interrogatories and Requests for Admission served by Cloudflare on BadgerDAO on July 17, 2026 (the "Pending Discovery"), currently due on or before August 17, 2026 under Rules 33 and 36 of the Federal Rules of Civil Procedure (made applicable here by Bankruptcy Rules 7033 and 7036), pending resolution of this motion, so that no response or deadline runs or is deemed admitted in the interim;

(b)    holding the balance of this motion in abeyance pending resolution of the Motion to Dismiss; and

(c)      in the event and to the extent the Court denies the Motion to Dismiss and otherwise determines that it has both subject-matter and personal jurisdiction over any of Cloudflare's claims against BadgerDAO, compelling arbitration of such claims and staying this proceeding, including the Pending Discovery, as against BadgerDAO pending completing of the arbitration, pursuant to 9 U.S.C. §§ 3 and 4,

(d)      together with such other and further relief as the Court deems just and proper.

Dated: July 20, 2026

/s/ *Peter Scoolidge*
Peter Scoolidge
SCOOLIDGE PETERS RUSSOTTI & FOX LLP
2 Park Avenue – 20th Floor
New York, NY 10016
(212) 729-7708
peter@sprfllp.com

*Counsel for Third-Party Defendant BadgerDAO*

11